IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. DYE, JR.,

Plaintiff,

v.

CHARLES J. GRISDALE, PH.D., JEFFERY GARBELMAN, PH.D., DOCTOR RALPH, MICHAEL THURMER, BELINDA SCHRUBBE and JOHN DOES,

Defendants.

ORDER

11-cv-443-slc[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a June 17, 2011 order in case no. 11-cv-112-slc, I dismissed the action brought by plaintiff John L. Dye, Jr. because he had failed to exhaust his administrative remedies by the time he filed his complaint. However, because it appeared that plaintiff exhausted his administrative remedies after filing the complaint, I gave him the option of reopening his complaint under a new case number. Plaintiff agreed to this option, so the action will now proceed under this case number.

In his complaint for monetary, declaratory and injunctive relief, plaintiff alleges that he has a severe anxiety disorder that prevents him from eating in front of other people and that prison staff have failed to issue appropriate restrictions to allow him to eat alone, which has led to his failing to eat for weeks at a time. Also, plaintiff has filed a motion for

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

appointment of counsel.

Plaintiff has struck out under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury. After considering plaintiff's submissions, I conclude that plaintiff may proceed with Eighth Amendment deliberate indifference claims against each of the named defendants, but I will dismiss the John Doe defendants included in the caption of plaintiff's complaint. Also, I will set briefing on plaintiff's request for preliminary injunctive relief. I will deny his motion for appointment of counsel.

ALLEGATIONS OF FACT

Plaintiff John Dye is a prisoner in the custody of the Wisconsin Department of Corrections. Plaintiff was transferred to the Waupun Correctional Institution on April 21, 2010. Plaintiff suffers from an "eating disorder/phobia" and finds it very difficult to eat in front of other people. On November 30, 2010, plaintiff met with defendant Charles Grisdale, a psychologist, and discussed moving to another cell hall because of excessive noise in his current location, which caused plaintiff depression and anxiety.

Plaintiff moved to the "BHU" unit on December 21, 2010. Almost immediately upon arrival, plaintiff faced several "stressors" that caused him anxiety, depression and exacerbated his "suicidal ideations": his cell was "shook down," he was mistakenly given another inmate's medication and his unit had "opened bar" cells. In addition, his cell was next to the washer

and dryer, the showers and the ice machine, which created extra noise. On several occasions plaintiff requested a "time out" from these conditions, and he was placed in a small bare room for his own protection.

In particular, plaintiff's unease with the "opened bar" cells affected his ability to eat. Plaintiff went about two weeks without eating. During this time he wrote each of the defendants. Health services staff checked up on plaintiff's "vitals" and noted his weight loss but did not correct the problem with plaintiff's cell. Eventually the BHU social worker informed plaintiff that she had talked to defendant Grisdale and was passing along the message that should plaintiff choose to leave the BHU unit, he would no longer be afforded allowances such as being single celled and having "feed cell" status.

Plaintiff wrote to defendant Psychological Services Unit supervisor Jeffery Garbelman, but Garbelman's response implied that plaintiff was going to lose his single cell and feed cell statuses. Ultimately those status were rescinded.

On January 21, 2011, plaintiff sent an interview request to defendant Grisdale asking for food or for reinstatement of his single cell and feed cell statuses, but Grisdale responded by suggesting that plaintiff "didn't even have a condition." Also, plaintiff wrote to defendant Michael Thurmer but he failed to help plaintiff.

Plaintiff was moved back to the regular cell hall, where he met with defendant psychiatrist Ralph. Ralph refused to reinstate plaintiff's single cell or feed cell statuses. Plaintiff spoke with defendant Health Services Manager Belinda Schrubbe, but she refused to address plaintiff's concerns.

Without having single cell and feed cell statuses, plaintiff cannot "consume food under circumstances which would allow [him] to eat." He has experienced a host of problems, including serious hunger pains, lack of bowel movements for days at a time, headaches, weakness and mental anguish.

## DISCUSSION

### A. Imminent Danger

Plaintiff seeks leave to proceed in forma pauperis in this case under 28 U.S.C. § 1915. However, as I stated in case no. 11-cv-112-slc, plaintiff has struck out under 28 U.S.C. § 1915(g). This provision states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that he suffers from an "eating disorder/phobia" that makes it very difficult for him to eat in front of other people, yet defendants refused to reinstate his

single cell and feed cell statues or otherwise provide plaintiff accommodations enabling him to eat properly. As a result plaintiff is not receiving proper nutrition and is suffering from severe hunger.

In considering whether plaintiff's complaint meets the imminent danger requirement of § 1915(g), a court must follow the well established proposition that pro se complaints must be liberally construed. Ciarpaglini, 352 F.3d at 330. Further, it is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury" under § 1915(g). Id. at 331. Given this framework, I conclude that plaintiff's allegations qualify under the imminent danger standard. Therefore, plaintiff may proceed without prepayment of the $350 filing fee.

B. Initial Partial Payment

Although I conclude that plaintiff qualifies to proceed in forma pauperis under the imminent danger exception to 28 U.S.C. § 1915(g), plaintiff must still make an initial partial payment of the filing fee. In addition, plaintiff will have to pay off the remainder of the fee in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2).

The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. From the trust fund account statement that plaintiff submitted in his previous case, I calculate his initial partial payment

to be $2.40. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount plaintiff must pay at this time is the $2.40 initial partial payment. Plaintiff should show a copy of this order to prison officials to insure that they are aware that they should send plaintiff's initial partial payment to this court.

Usually, the court would wait for plaintiff to submit his initial partial payment before screening his complaint. However, because plaintiff alleges that he is imminent danger of serious physical harm, I will proceed to screen his complaint immediately. Plaintiff is still required to submit the $2.40 initial partial payment or the court will consider closing the case for plaintiff's failure to comply with 28 U.S.C. § 1915.

C. Screening Plaintiff's Claims

In screening plaintiff's claims, the court must construe the complaint liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, I must dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Under the Eighth Amendment, a prison official violates a prisoner's right to medical care if the official is "deliberately indifferent" to a "serious medical need." Estelle v. Gamble,

429 U.S. 97, 104-05 (1976). Prisoners must be given sufficient food that is nutritionally adequate. Gilles v. Litscher, 468 F.3d 488, 491 (7th Cir. 2006). I understand plaintiff to be alleging that he suffers from various mental health problems, including severe anxiety and depression exacerbated by external stimuli such as noise, and that he has an "eating disorder/phobia" that makes it very difficult for him to eat in front of people. It is somewhat difficult to ascertain whether plaintiff believes that the excessive noise or his depression or anxiety has factored into his eating problems as well, but in any case it seems clear that plaintiff has not been able to eat normally since at least December 21, 2010. I understand plaintiff to be alleging that defendants Grisdale, Garbelman, Ralph, Thurmer and Schrubbe were deliberately indifferent to his serious medical needs by failing to preserve his single cell and feed cell statuses or otherwise accommodate his "eating disorder/phobia," which has led to plaintiff's suffering from inadequate nutrition. Accordingly I will allow plaintiff to proceed on Eighth Amendment claims against the named defendants.

As for the John Doe defendants plaintiff included in the caption of his complaint, plaintiff does not provide any allegations suggesting who these Doe defendants are or what they did to violate his Eighth Amendment rights. Therefore, I will dismiss the Doe defendants from the case. Plaintiff is free to amend his complaint to include more detailed allegations against Doe defendants, but he will have to at least explain what positions these defendants held and what they did to violate his rights.

D. Preliminary Injunctive Relief

Plaintiff's complaint includes a request for preliminary injunctive relief. Under this court's procedures for obtaining a preliminary injunction, a copy of which is attached to this order, plaintiff must file with the court and serve on defendants a brief supporting his claim, proposed findings of fact and any evidence he has to support his request for relief. He may have until November 15, 2011 to submit these documents. Defendants may have until the day their answer is due in which to file a response. I will review the parties' preliminary injunction submissions before deciding whether a hearing will be necessary.

Despite the fact that I have allowed plaintiff to proceed on his claims, I wish to make it clear to him that the bar is significantly higher for ultimately prevailing on his claims than it is on his request for leave to proceed. In his proposed findings of fact, plaintiff will have to lay out the facts of his case in detail, explaining how defendants were aware of his eating problem and what they did when they became aware of the problem. Plaintiff will have to show that he has some likelihood of success on the merits of his claim and that irreparable harm will result if the requested relief is denied. If he makes both showings, the court will move on to consider the balance of hardships between plaintiff and defendants and whether an injunction would be in the public interest, considering all four factors under a "sliding scale" approach. In re Forty-Eight Insulations, Inc., 115 F.3d 1294, 1300 (7th Cir. 1997).

Finally, I warn plaintiff about the ramifications facing litigants who abuse the imminent danger exception to their three-strike status. The only reason that plaintiff has been allowed to proceed in forma pauperis in this case is that his allegations suggest that he

was under imminent danger of serious physical injury at the time that he filed his complaint. The "imminent danger" exception under 28 U.S.C. § 1915(g) is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In certain cases it may become clear from the preliminary injunction proceedings that a plaintiff who has already received three strikes under § 1915(g) for bringing frivolous claims has exaggerated or even fabricated the existence of a genuine emergency in order to circumvent the three-strikes bar. In such a case, this court may revoke its grant of leave to proceed in forma pauperis once it is clear that plaintiff was never in imminent danger of serious physical harm. Plaintiff would then be forced to pay the full $350 filing fee or have his case dismissed.

E. Motion to Appoint Counsel

Along with his complaint in the previous case, plaintiff filed a motion for appointment of counsel, which I will now consider under this case number. In deciding whether to appoint counsel, I must first find that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070 (7th Cir. 1992). To show that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down. Plaintiff has failed to include any such information.

Moreover, even if plaintiff had submitted proof that three lawyers had declined to

represent him, I would deny his motion for appointment of counsel at this point because it is too early to tell whether the complexity of the case will outstrip plaintiff's ability to litigate it. Although plaintiff states that he lacks legal knowledge and skill, this is true for almost every pro se litigant. Shortly after defendants file their answer, the court will hold a preliminary pretrial conference at which plaintiff will be provided with information about how to use discovery techniques to gather the evidence he needs to prove his claims as well as copies of this court's procedures for filing or opposing dispositive motions and for calling witnesses. Plaintiff is free to renew his motion for appointment of counsel at a later time if he feels incapable of representing himself as the case proceeds, but he will have to provide the court the names and addresses of at least three lawyers who he has asked to represent him in this case and who turned him down.

ORDER

IT IS ORDERED that

1. Plaintiff John Dye is GRANTED leave to proceed on claims that defendants Charles Grisdale, Jeffery Garbelman, Doctor Ralph, Michael Thurmer and Belinda Schrubbe violated plaintiff's Eighth Amendment rights by failing to accommodate his "eating disorder/phobia."

2. Plaintiff is DENIED leave to proceed on claims against the John Doe defendants included in the caption of his complaint. The Doe defendants are DISMISSED from this case.

3. Plaintiff's motion for appointment of counsel, dkt. #3, is DENIED without prejudice.

4. Plaintiff is assessed $2.40 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $2.40 on or before November 15, 2011. If plaintiff fails to make the initial partial payment by this deadline or show cause for his failure to do so, I will direct the clerk of court to close the case.

5. Plaintiff may have until November 15, 2011, in which to file a brief, proposed findings of fact and evidentiary materials in support of his motion for a preliminary injunction. Defendants may have until the date their answer is due to file materials in response.

6. For the time being, plaintiff must send defendants a copy of every paper or document that he files with the court. Once plaintiff has learned what lawyer will be representing defendants, he should serve the lawyer directly rather than defendants. The court will disregard any documents submitted by plaintiff unless he shows on the court's copy that he has sent a copy to defendants or their attorney.

7. Plaintiff should keep a copy of all documents for his own files. If plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of his documents.

8. Pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint and this order are being sent today to the

Attorney General for service on the state defendants. Although it is usual for defendants to have 40 days under this agreement to file an answer, in light of the urgency of plaintiff's allegations, I would expect that every effort will be made to file the answer in advance of that deadline.

Entered this 25th day of October, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge