IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN L. DYE, JR.,

                                                              ORDER

               Plaintiff,

                                                        11-cv-443-bbc

    v.

CHARLES J. GRISDALE, PH.D., DR. JEFFERY
GARBELMAN, PH.D., DR. RALPH FROELICH, M.D.,
MICHAEL THURMER, and BELINDA SCHRUBBE

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff John L. Dye, Jr., a prisoner at the Waupun Correctional Institution, brought this civil suit in which he contends that defendants Dr. Charles Grisdale, Jeffery Garbelman, Dr. Ralph Froelich, Michael Thurmer and Belinda Schrubbe, all current or former employees at the prison, were deliberately indifferent to his serious medical needs when they denied him the opportunity to eat his meals alone in a private cell, despite their knowledge of his psychiatric conditions that prevent him from eating in the presence of others. Plaintiff has struck out under 28 U.S.C. § 1915(g) but was allowed to proceed with the present case because he alleged that he was in imminent danger of serious physical injury at the time he filed his complaint.

      Now before the court are several motions filed by the parties. Plaintiff has filed a motion to compel defendants' response to his first request for interrogatories, a motion for

partial summary judgment and two renewed motions for appointment of counsel. Defendants have filed their own motion for summary judgment. As an initial matter, I will deny plaintiff's motion to compel because defendants have submitted a response showing that they sent plaintiff a copy of their interrogatory responses. From the dates of the parties' submissions it appears that defendants' responses crossed in the mail with plaintiff's motion to compel.

Turning to the parties' cross motions for summary judgment, I note that the proposed findings of facts submitted by both parties tell the same story the parties presented when they briefed plaintiff's motion for preliminary injunctive relief. In a July 26, 2012 order, I denied plaintiff's preliminary injunction motion, stating as follows:

> In this case, plaintiff alleges that he was deprived of conditions that would allow him to eat adequately for a two-week period between December 21, 2011 and January 5, 2011, in the Behavioral Health Unit and again for a nine-week period between January 12, 2011 and March 16, 2011, in the North Cell Hall. However, plaintiff does not allege that he is being deprived of these conditions at this time; instead, he ends his proposed findings of fact by stating that defendant Grisdale has reinstated his single cell and feed cell statuses. Moreover, plaintiff does not allege that noise or other stressors are currently exacerbating his mental health problems, as they did in his first stint in the North Cell Hall. In light of this, the focus of his injunction request appears to be to prevent the harm that might result to him if the prison or any of the defendants should take away either of his single cell or feed cell statuses in the future. But plaintiff has not shown that any of the defendants will do so, now or in the future. This harm, therefore, does not rise to the level of being likely at this time and therefore, does not warrant an injunction.

Dkt. #44. Defendants argue that these facts show that plaintiff, who usually would not be able to proceed in forma pauperis in a civil action, has abused the "imminent danger" exception to the in forma pauperis rules, 28 U.S.C. § 1915(g), because they show that

plaintiff was not in imminent danger when he filed the complaint in the present case and instead states claims only for past harm. They point out that under Taylor v. Watkins, 623 F.3d 483, 485–86 (7th Cir. 2010), "[i]f a defendant contests a plaintiff's imminent-danger allegations, . . . the court must determine the allegations' credibility, either by relying on affidavits or depositions or by holding a hearing." Id. at 485. Defendants made a similar argument in their response to plaintiff's preliminary injunction motion, which I did not address in the order denying that motion. Accordingly, I will construe defendants' motion for summary judgment as including a motion to revoke plaintiff's in forma pauperis status.

As stated above, the facts provided by the parties both in support of plaintiff's motion for preliminary injunctive relief and the parties' cross motions for summary judgment indicate that plaintiff is bringing claims for past harm: the periods between December 21, 2011 and January 5, 2011, and between January 12, 2011 and March 16, 2011. Plaintiff's feed-cell and single-cell statuses were reinstated in March 2011, well before plaintiff filed his complaint in this action on June 23, 2011.

Plaintiff argues that "even though [he] . . . may have obtained a reinstatement of the very things for which he petitioned the court . . . the reinstatement was/is not permanent and subject to change without notice," and quotes from correspondence from defendant Grisdale stating that "all [accommodations] are subject to change." A purely speculative revocation of plaintiff's feed-cell or single-cell statuses in the future is not enough to invoke the imminent danger exception to § 1915(g); it goes without saying that any accommodation, medical treatment or condition of confinement is "subject to change" on a day-to-day basis.

3

To meet the imminent danger requirement, an inmate must show that the threat or prison condition facing him is "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002). The record in this case shows that plaintiff has had single-cell and feed-cell statuses since March 2011 and plaintiff can point to no evidence from either the time the complaint was filed or at present that he will be losing those accommodations. (Plaintiff attempts to argue that documents show a discrepancy in the expiration date for a December 2011 order granting his feed-cell status—the expiration date was given as May 2, 2012 instead of June 2012 as should have been the case with a six-month extension in December 2011—but he does not say that his feed-cell status actually expired early and otherwise agrees with defendants that he has had uninterrupted feed-cell status.)

Plaintiff argues also that he met the imminent danger requirement because he originally filed his complaint in March 2011. That complaint was filed in case no. 11-cv-112-bbc, which was dismissed without prejudice for plaintiff's failure to exhaust his administrative remedies. I allowed plaintiff to submit that complaint again to start the present action after he exhausted his administrative remedies, but by the time he agreed to do so, he had already been granted single-cell and feed-cell status. Thus, he was not in imminent danger at the time this case was initiated.

Accordingly, I will grant defendants' motion to revoke plaintiff's in forma pauperis status because it is clear from the facts adduced in the preliminary injunction and summary judgment proceedings that plaintiff was not in imminent danger of serious physical harm at

the time he filed his complaint in this action. This means that the case will be dismissed unless he pays the remainder of the $350 filing fee for the action (he still owes $347.60 following his payment of the initial partial payment assessed by the court). He will have until December 20, 2012 to do so. If he files the full fee, I will take up the parties' motions for summary judgment. Whether or not plaintiff chooses to pay the full filing fee for this action, he remains free to file a new imminent danger case in the future if his feed-cell or single-cell status is revoked and he encounters difficulty eating.

Finally, I will deny plaintiff's renewed motions for appointment of counsel. Plaintiff has done an adequate job of litigating this action, and in any case, counsel is not necessary for purposes of deciding whether to pay the full filing fee for this action.

ORDER

IT IS ORDERED that

1. Plaintiff John L. Dye's motion to compel discovery, dkt. #77, is DENIED.

2. Defendants' motion to revoke plaintiff's <u>in forma pauperis</u> status, dkt. #48, is GRANTED. Plaintiff may have until December 20, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $347.60. If plaintiff does not pay the fee by December 20, 2012, the clerk of court is directed to close this file.

3. Plaintiff's motions for appointment of counsel, dkt. ##46, 83, are DENIED without prejudice.

Entered this 6th day of December, 2012.

                                        BY THE COURT:
                                        /s/
                                        BARBARA B. CRABB
                                        District Judge